**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ESTHER D. GARRETT LAIACONA and XANDER B. LAIACONA,<br><br>Plaintiffs,<br><br>v.<br><br>FRANK J. BISIGNANO,<br><br>Defendant. | ) | No. 1:26-cv-14174-JEK |

**ORDER ON MOTIONS**

**KOBICK, J.**

Plaintiffs Esther Garrett Laiacona and her son, Xander Laiacona, bring this action against Frank B. Bisignano, the Commissioner of the Social Security Administration. Esther moves for leave to proceed *in forma pauperis* and for various forms of injunctive relief. For the reasons that follow, the Court will grant Esther's motion to proceed *in forma pauperis*, deny her motions seeking injunctive relief and service of process, and dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

For twenty years, Esther had been receiving Social Security Disability Insurance benefits, including dependent benefits for her two children. ECF 1, at 3-4. In February 2026, the Social Security Administration sent her a letter asking for more information about her work activity and earnings because the agency's records showed that she had earned income from self-employment, which could affect her ability to continue receiving disability benefits. ECF 2-75, at 1. In response,

Esther submitted documents explaining that she received only small cash payments for pet-sitting for her neighbors. ECF 1, at 4-5; ECF 2-8, at 14.

On July 14, 2026, the Social Security Administration sent a letter informing Esther of its determination that she had performed substantial gainful work and was therefore not entitled to disability benefits as of January 2024. ECF 1, at 5; ECF 2-6, at 1. Upon receiving that notice, Esther went to the Social Security Administration's office to file a request for reconsideration. ECF 1, at 5-6. According to the complaint, an agency worker spoke with Esther and enrolled her in expedited reinstatement. *Id.* at 6. For individuals who lose disability benefits because they started working, but then can no longer work because of their impairments, expedited reinstatement allows for the receipt of six months of temporary benefits while the agency conducts a medical review to decide if benefits can be reinstated. *See* Social Security Programs Operations Manual System, Expedited Reinstatement Overview, DI 13050.001, § A; *Corbett v. Bisignano*, No. 25-cv-111-SM-AJ, 2026 WL 183842, at *3 (D.N.H. Jan. 23, 2026).

On August 19, 2026, Esther received a notice of disability cessation informing her that she no longer qualified for disability benefits as of January 2024, ECF 7-3, at 1, and a notice indicating that her minor child no longer qualified for benefits as of July 2026, ECF 7-5, at 1. Around the same time, Esther also received a letter from Disability Determination Services indicating that her disability claim was being reviewed. ECF 2-57, at 3.

On August 31, 2026, the plaintiffs were notified that because Esther had worked since January 2024, and received disability benefits since that time, she had been overpaid $40,733.00 in disability benefits and $19,047.00 in dependent child benefits. ECF 1, at 8; ECF 2-45, at 7; ECF 2-69, at 3. Esther also received a letter explaining that her requests for reconsideration were

dismissed because she had accepted the agency's prior work review decision by filing for expedited reinstatement. ECF 1, at 8-9; ECF 2-6, at 4; ECF 2-69, at 9.

The plaintiffs filed this lawsuit on September 11, 2026. Among other relief, their complaint seeks restoration of their monthly disability benefits, backdated to July 2026; an order freezing overpayment obligations; removal from the expedited reinstatement process; and compensatory damages. ECF 1, at 12. They also seek a writ of mandamus under 28 U.S.C. § 1361. With her complaint, Esther filed a motion for leave to proceed *in forma pauperis*. ECF 3. Upon review, the Court concludes that she is without assets to pay the filing fee and will grant her motion.

Along with the complaint, the plaintiffs filed a motion for a temporary restraining order and preliminary injunction. ECF 6. They sought an order directing the Commissioner to stop the expedited reinstatement process, enforce Esther's requests for reconsideration, and restore payment of her disability benefits. *Id.* at 7. The Court denied the motion because the plaintiffs had not demonstrated that they had received a final decision from the Commissioner and exhausted their administrative remedies, as required for this Court's jurisdiction. ECF 9.

**DISCUSSION**

When, as here, a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, under Fed. R. Civ. P. 12(h)(3), "[i]f

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Federal agencies, such as the Social Security Administration, have sovereign immunity from suit unless such immunity has been waived. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). An agency's waiver of immunity must be "'unequivocally expressed'" and will be strictly construed in favor of immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990)). The Social Security Act contains a narrow waiver of sovereign immunity. Pursuant to 42 U.S.C. § 405(g), an individual may seek judicial review of a "final decision" of the Commissioner of the Social Security Administration. And under 42 U.S.C. § 405(h), Section 405(g) is the sole avenue for judicial review of "findings of fact or decision[s] of the Commissioner of Social Security" under the Social Security Act. 42 U.S.C. § 405(h) (foreclosing actions "against the United States, the Commissioner of Social Security, or any officer or employee thereof . . . under section 1331 or 1346 of title 28 to recover on any claim arising under" the subchapter addressing disability benefits). The Social Security Act itself does not define "final decision," but the Supreme Court has held that the term should be defined by the applicable regulations. *See Sims v. Apfel*, 530 U.S. 103, 106 (2000).

The Social Security Administration's regulations provide an administrative process consisting of (1) an initial determination; (2) reconsideration of the initial determination; (3) a hearing before an administrative law judge; and (4) review of the administrative law judge's decision by an Appeals Council. *See* 20 C.F.R. § 404.900(a)(1)-(4). This process also applies to the termination of disability benefits. *See Justiniano v. Soc. Sec'y Admin.*, 876 F.3d 14, 31 (1st Cir. 2017). The regulations state: "When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this subsection, we will have made our final

decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." 20 C.F.R. § 404.900(a)(5).

The plaintiffs do not allege or submit evidence that they have exhausted the administrative process and obtained a final decision from the Social Security Administration. To the contrary, the exhibits submitted in connection with their motions suggest that the administrative process is underway. In particular, on August 19, 2026, the Social Security Administration sent Esther a notice of disability cessation, which informed her that she was no longer entitled to monthly benefits. ECF 7-3, at 1. Disability Determination Services then sent Esther a letter indicating that it was conducting its medical review to determine her disability. ECF 2-57, at 3. These documents demonstrate that the agency is in the process of determining whether her benefits will be reinstated, in accordance with the expedited reinstatement process.[1] Esther has not alleged, nor does it appear that she could allege, that she has received an initial determination, sought reconsideration of that decision, received a hearing before an administrative law judge, and received review of the administrative law judge's decision by an Appeals Council. Thus, the plaintiffs have not exhausted their administrative remedies by obtaining a final decision, and the doctrine of sovereign immunity prevents this Court from exercising jurisdiction over their claims against the Social Security Administration. *See Bowen v. City of New York*, 476 U.S. 467, 482 (1986) ("[o]nly a claimant who proceeds through all" stages of the administrative appeal process "receives a final decision from the Secretary").

Nor does the Court have jurisdiction under the Mandamus Act, 28 U.S.C. § 1361. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy

[1] Esther also appears to have begun receiving the provisional benefits pursuant to the expedited reinstatement process. ECF 11, at 7.

for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616-617 (1984). Because the plaintiffs have not exhausted their administrative remedies, they have other avenues for relief, and this Court has no mandamus jurisdiction. *See McDonald v. Heckler*, 612 F. Supp. 293, 299 (D. Mass. 1985).

After this Court's denial of their motion for a preliminary injunction, the plaintiffs filed several additional motions, including a "comprehensive and substantive rebuttal and emergency motion for a preliminary injunction mandating master court control and portal reinstatement" (ECF 11); an "emergency motion for an order directing expedited service of process by the United States Marshals Service and for immediate CM/ECF electronic access" (ECF 15); a "motion for emergency service by U.S. Marshal" (ECF 16); and an "emergency omnibus motion for account restoration, rehearing, data suppression, immediate release of minor child subsistence funds, and vacation of retroactive cessations" (ECF 17). The motions requesting service of process upon the Commissioner will be denied because the complaint must be dismissed. And the other motions, which seek essentially the same relief sought in the complaint and the previous motion for a preliminary injunction, must be denied because the Court lacks jurisdiction over this lawsuit.

**CONCLUSIONS AND ORDERS**

For the foregoing reasons, the motion for leave to proceed *in forma pauperis*, ECF 3, is GRANTED. The remaining motions, ECF 4, 11, 15, 16, and 17, are DENIED. This action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE

Dated: October 9, 2026